UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES C. MARSHALL and SHERRY M. MARSHALL, *pro se*,

    Plaintiffs,

v.                                            Case No: 2:14-cv-479-FtM-38DNF

COLLIER COUNTY,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. #5) filed on September 23, 2014. Plaintiffs filed a Response in Opposition on October 20, 2014. (Doc. #10). Thus, the matter is ripe for review.

**Background**

Plaintiffs are owners of real property located within the unincorporated area of Collier County, Florida. (Doc. #1 at 2-3, ¶ 5). Defendant is a political subdivision of the state of Florida that is charged with, among other tasks, the enforcement of applicable building, maintenance, and safety codes for property located within its jurisdiction. (Doc. #1 at 3, ¶ 6). On December 31, 2002, Defendant entered Plaintiffs' property to investigate alleged code violations without Plaintiffs' consent or an "inspection warrant," as required under Florida law. (Doc. #1 at 4, ¶ 11). As a result of this "unreasonable intrusion," Defendant issued Plaintiffs three notices of violation for four wooden structures that were built on their property without the required building permits. (Doc. #1 at 4, ¶ 12). Roughly one month later, Plaintiffs received "an untimely notice" for a hearing in front of Defendant's Code Enforcement Board. (Doc. #1 at 4, ¶ 13). Over the course of the

following two months, Defendants engaged in numerous communications with various employees of Defendant, seeking a continuance for their hearing because Plaintiffs did not believe that the Code Enforcement Board had jurisdiction over their matter. (Doc. #1 at 5-6, ¶¶ 15-17).

Eventually, Plaintiffs' Motion for Continuance was denied. (Doc. #1 at 6, ¶ 18). Thereafter, the Code Enforcement Board conducted a hearing on Plaintiffs' alleged violations, concluding that the alleged violations existed on Plaintiffs' property. (Doc. #1 at 7, ¶ 23). After the hearing, the Code Enforcement Board warned Plaintiffs that they had until June 28, 2005, to correct the violations on their property or they would be subjected to $150 in daily fines. (Doc. #1 at 7, ¶ 23). Believing that the Code Enforcement Board's actions were "inconsistent with the fundamental requirements of natural justice, fairness, and due process," Plaintiffs refused to pay the fines and filed this action. (Doc. #1 at 9, ¶ 28). Plaintiffs now seek an order from the Court declaring the April 5, 2005, Code Enforcement Order void (Count 1) and granting them monetary damages for losses resulting from the fine/lien placed on their property in violation of their due process rights (Count 2). Defendant filed the instant Motion in response.

## Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in Plaintiff's amended complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled

to a presumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009) (discussing a Rule 12(b)(6) dismissal); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1036 n. 16 (11th Cir.2001).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott,* 610 F.3d 701, 708 n. 2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007); *Marsh,* 268 F.3d at 1036 n. 16. Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Iqbal,* 556 U.S. at 677. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal modifications omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

Because Plaintiff is proceeding *pro se*, the Court construes the complaint more liberally than had it been drafted by an attorney. See *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir. 1990).

## Discussion

Defendant seeks dismissal of Plaintiffs' Complaint on the basis that this action is barred by the applicable statute of limitations. (Doc. #5 at 3). Without indicating which count of Plaintiffs' Complaint it is referring to, Defendant argues that the applicable statute of limitations for claims brought under 42 U.S.C. § 1983 is that for a personal injury action

in the state for which the alleged injury took place. (Doc. #5 at 2). Because Plaintiffs' allege that their injury took place in Florida, Defendant asserts that the applicable limitations period is four years from the date of the accrual of the cause of action. (Doc. #5 at 2). Therefore, because this action accrued in 2005, nearly nine years ago, Defendant argues that Plaintiffs' action exceeds the applicable statute of limitations in Florida and must be dismissed. (Doc. #5 at 3).

A quick review of Plaintiffs' Complaint, however, illustrates that Plaintiffs asserted two counts in their Complaint, and only one of those counts asserts a § 1983 claim. Consequently, the Court must assume that Defendant's Motion is aimed solely at defeating the § 1983 claim asserted in Count 2. But, in similarly confusing fashion, Plaintiffs appear to respond to Defendant's Motion only as to Count 1, which seeks a declaratory judgment that the Code Enforcement Order is a void judgment, and not relief for a § 1983 violation. (Doc. #10 at 4). As a result, the Court will construe Defendant's Motion as if it was asserted only as to Count 2 and apply whatever part of Plaintiffs' Response, if any, is applicable to defending Count 2.

It is well established that "[g]enerally, the existence of an affirmative defense will not support a motion to dismiss." Quiller v. Barclays Am./Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984), on reh'g, 764 F.2d 1400 (11th Cir. 1985). But "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." Id. (internal citations omitted). And here, the statute of limitations affirmative defense is clear from the face of the Complaint.

As Defendant correctly notes, the applicable statute of limitations period for a § 1983 claim is that of a personal injury claim in the state where the action accrued. *See* [Hillcrest Prop., LLC v. Pasco Cnty., 754 F.3d 1279, 1281 (11th Cir. 2014)](#) ("Section 1983 claims are subject to a forum state's statute of limitations for personal injury claims.") (citations omitted). There is no question that this action accrued in Florida, where the statute of limitations period for a personal injury claim is four years. *See* [Fla. Stat. 95.11(3)](#). In the Complaint, however, Plaintiffs allege that this action accrued nearly nine years ago in 2005 when the Code Enforcement Board entered its Order finding that Plaintiffs' property had numerous code violations. ([Doc. #1 at 7, ¶ 23](#)). And this allegation is fatal to Plaintiffs' § 1983 claim because it clearly illustrates that this action accrued well beyond the applicable four-year statute of limitations period. Therefore, Plaintiffs' Count 2, asserting a § 1983 claim, must be dismissed with prejudice.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss Plaintiffs' Complaint ([Doc. #5](#)) is **GRANTED in part and DENIED in part**.

1. As to Count 2, Defendant's Motion is **GRANTED.** Count 2 is **DISMISSED with prejudice.**
2. As to Count 1, Defendant's Motion is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 13th day of November, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record