UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES C. MARSHALL and SHERRY M. MARSHALL, *pro se*,

    Plaintiffs,

v.     Case No: 2:14-cv-479-FtM-38DNF

COLLIER COUNTY,

    Defendant.
_____/

### ORDER[1]

This matter comes before the Court on Plaintiffs' Response to the Court's November 19, 2014 Order to Show Cause. (Doc. #22). In the Court's Order, the Court mandated that Plaintiffs show cause as to how the Court retained subject-matter jurisdiction over this action after Plaintiffs' Complaint alleged jurisdiction under federal question jurisdiction, 28 U.S.C. § 1331, and the Court dismissed Plaintiffs' only claim asserted under federal law. (Doc. #20). In their Response, Plaintiffs assert that the Court retains subject-matter jurisdiction over Count 1, the only remaining count asserted in their Complaint, because it alleges a cause of action under 42 U.S.C. § 1983 even though the statute is never mentioned. (Doc. #22 at 6). Second, Plaintiffs aver that the Court "also retains subject-matter jurisdiction over this action through its equity jurisdiction." (Doc.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

#22 at 6). Based on this equity-jurisdiction conclusion, Plaintiffs continue their Response by arguing that "abstention is not justified in this case." (Doc. #22 at 9).

It is axiomatic that federal courts are courts of limited jurisdiction. Accordingly, Federal courts' subject matter jurisdiction is limited to claims brought pursuant to federal question and diversity jurisdiction. Federal question jurisdiction exists when a plaintiff's cause of action "arises under" federal law. 28 U.S.C. § 1331. Ordinarily, whether a federal question exists in a pending action must be determined on the face of a plaintiff's well-pleaded complaint. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009) (citing Louisville & N.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Whereas claims properly brought in federal court pursuant to diversity jurisdiction contain matters where the parties are completely diverse with regard to citizenship and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). In an action filed directly in federal court, a plaintiff bears the burden of adequately pleading and ultimately proving jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007). And under 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims when the district court has dismissed all claims over which it had original jurisdiction.

Here, the Court has dismissed Count II – the only claim that it had original jurisdiction over. It is clear that Plaintiffs disagree with this conclusion and believe that they also asserted a federal question claim under Count I. But the Court finds Plaintiffs' argument that they asserted a § 1983 claim in Count I unpersuasive.[2] Any review of

---

[2] Even if the Court accepted Plaintiffs' argument that they asserted a § 1983 claim in Count I, which it does *not*, their claim would be barred by the statute of limitations in the same manner as Count II. *See* (Doc.

Count I reveals that Plaintiffs seek a declaratory judgment that Defendant's Code Violation Order is invalid because the Code Board that issued it lacked jurisdiction. Notably absent, however, is any allegation of a constitutional right violation to support a § 1983 claim.  In fact, the only time words related to a constitutional right -- "due process"[3] -- appear in Count I is in Plaintiffs' recital of language from an Illinois state court case that has no applicability to Count I other than to support Plaintiffs' contention that the Code Board lacked jurisdiction.  This is in stark contrast to Count II, which clearly asserted a § 1983 claim by alleging explicit violations of Plaintiffs' constitutional rights.  Without providing a single allegation regarding a violation of a constitutional right that could support a § 1983 claim, Plaintiffs' argument fails.

In addition, Plaintiffs' remaining argument is equally unpersuasive.  As noted above, Plaintiffs' alternative argument provides that the Court "retains subject-matter jurisdiction over this action through its equity jurisdiction."  (Doc. #22 at 6).  To support this contention, Plaintiffs fail to cite any case law, and instead rely on "Article III, Section 2, Clause 1 of the United States Constitution[, which] extended the federal judicial power to 'all cases, in Law and Equity arising under the Constitution, the Laws of the United States, and Treaties made, or which shall be made under their Authority."  (Doc. #22 at 7).  Plaintiffs appear to miscomprehend the power granted to courts under this clause: the Court's jurisdiction is limited to cases that arise under the Constitution or Laws of the United States.  But as noted above, Plaintiffs provide no constitutional right allegations in

---

[#20]) (dismissing Plaintiffs' only § 1983 claim because it was asserted over five years beyond the applicable statute of limitations).

[3] Other than this single recital of case law with the words "due process" in it, Plaintiffs fail to mention, let alone make an allegation regarding, any other constitutional right that would support a § 1983 claim in Count I.

Count I, nor do they make any allegations regarding federal law. Accordingly, Plaintiffs' alternative subject matter jurisdiction argument also fails.[4]

Because the Court concludes Count I is based on state law, and does not involve a federal question, the only manner in which the Court could retain jurisdiction over Count I is through 28 U.S.C. § 1367(c). But the decision of whether to exercise supplemental jurisdiction over Count I is within the Court's discretion, and the Court declines to do so. *See* Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C., 596 F.3d 1313, 1328 (11th Cir. 2010) (noting district court's discretion in deciding whether to exercise supplemental jurisdiction under § 1367(c)). Consequently, Plaintiffs' Count I must be dismissed without prejudice.

Accordingly, it is now

**ORDERED:**

Plaintiffs' only remaining count, Count I, is **DISMISSED** without prejudice. The Clerk is directed to close this action.

**DONE** and **ORDERED** in Fort Myers, Florida, this 8th day of December, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[4] Because the abstention doctrine is only applicable when a court retains jurisdiction over a matter, the Court declines to address Plaintiff's abstention doctrine argument because the Court fails to retain jurisdiction in the first place. *See* Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976) (noting abstention applies only when a court already exercises jurisdiction over an action).